12-4711
Zhu v. Holder

BIA
Zagzoug, IJ
A089 278 508

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of August, two thousand fourteen.

PRESENT:
      ROSEMARY S. POOLER,
      RICHARD C. WESLEY,
      CHRISTOPHER F. DRONEY,
          *Circuit Judges.*

_____

BANG ZHU,
    *Petitioner,*

     v.                    12-4711
                           NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
    *Respondent.*

_____

FOR PETITIONER:      Troy Nader Moslemi, New York, New York.

FOR RESPONDENT:      Stuart F. Delery, Assistant Attorney General; James A. Hunolt, Senior Litigation Counsel; Jesse Lloyd Busen, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Bang Zhu, a native and citizen of the People's Republic of China, seeks review of a November 6, 2012, decision of the BIA, affirming the November 1, 2010, decision of Immigration Judge ("IJ") Randa Zagzoug, denying Zhu's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bang Zhu*, No. A089 278 508 (B.I.A. Nov. 6, 2012), *aff'g* No. A089 278 508 (Immig. Ct. N.Y. City Nov. 1, 2010). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *see also Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). For asylum applications governed by the REAL ID Act, the agency may, considering the totality of the circumstances, base a

2

credibility finding on inconsistencies in the asylum applicant's statements and other record evidence without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's determination that Zhu was not credible.

In finding her not credible, the IJ reasonably relied on Zhu's inconsistent statements regarding whether she distributed religious flyers prior to fleeing police in China, whether anyone accompanied her to the airport upon her departure from that country, and when she last contacted her friend who introduced her to Christianity. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Zhu failed to provide compelling explanations for the discrepancies in the record. *See Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005).

Given the inconsistency findings, the agency's adverse credibility determination is supported by substantial evidence, and was dispositive of Zhu's claims for asylum, withholding of removal, and CAT relief. *See Xiu Xia Lin*, 534 F.3d at 167; *see also Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

3

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk